UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                            PLAINTIFF

v.                                                      CRIMINAL NO. 3:21CR00118

ADDISON DAILY                                                           DEFENDANT

## SENTENCING MEMORANDUM
*-Electronically Filed-*

The United States of America, by counsel, files its memorandum in support of sentencing in this action currently scheduled for January 10, 2022. The United States does not plan to call any witnesses at the hearing. For the reasons set forth below and pursuant to the plea agreement in this case, the government respectfully requests this Court sentence the defendant, Addison Daily, to a sentence of 46 months' imprisonment, followed by a lengthy term of supervised release, a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

### I.     Factual Background

The interest of the defendant, Addison Daily, in viewing material depicting the exploitation of children came to the attention of law enforcement when they discovered that, on May 30, 2019, he had accessed a known website that operated as a child pornography bulletin board and website dedicated to the advertisement and distribution of child pornography and the discussion of matters pertinent to the sexual abuse of children. (DN 14, Presentence Investigation Report, ¶¶ 7-9.) The website required the use of TOR software and the creation of an account with a username and password to access, ensuring that an individual did not accidentally access its content. (*Id*. at ¶ 7;

DN 8, Plea Agreement, ¶ 3.)  The website that Daily accessed in May 2019 described its purpose as being to "share [child pornography] of babies and toddlers." (DN 14, Presentence Investigation Report, ¶ 8.)  The name of the website contained a reference to children in that age range and the website logo also included an image depicting babies and toddlers. (*Id*.)  Images and videos on the website available at the time that Daily accessed included videos and images of prepubescent minors being virginally and anally penetrated by adult males and sex toys.  (*Id*. at ¶ 10; *see also* DN 8, Plea Agreement, ¶ 3.)

Daily was charged federally in a One-Count Information with accessing with the intent to view child pornography.  (DN 1.)   On October 4, 2021, Daily pled guilty to the Information pursuant to a plea agreement with the government.  The maximum term of imprisonment in this case is 10 years.  18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2252A(b)(2).

## II.     Guidelines Calculation

The United States agrees with the U.S. Probation Office's calculations contained within the Presentence Investigation Report.  Daily's total offense level should be 23.  Regarding the application of the four-level enhancement to the offense level pursuant to USSG § 2G2.2(b)(4), it is the government's position that this enhancement is properly applied as the offense "involved material that portrays sadistic or masochistic conduct or other depictions of violence" *and* "sexual abuse or exploitation of an infant or toddler."  USSG § 2G2.2(b)(4)(A) and (B).

The United States further agrees with the U.S. Probation Office's calculation of Daily's Criminal History Category of I.  This combination of offense level and criminal history category produces a recommend guideline term of imprisonment of 46 to 57 months. (DN 14, Presentence Investigation Report, ¶ 49.)   As to the term of supervised release, the United States agrees with the statement in the PSR that the guidelines provide for a term of supervised release of five years

to life, USSG § 5D1.2(b)(2), (*id*. at ¶ 52), and notes that the Policy Statement to the guidelines provides that if, as here, "the instant offense of conviction is a sex offense…the statutory maximum term of supervised release is recommended."

### III. The 18 U.S.C. § 3553(a) Factors Warrant a Sentence of 46 Months' Imprisonment

The Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). Title 18, United States Code, Section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and

 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

 (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
 . . .

(5) any pertinent policy statement--
 . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

### A. The Nature and Circumstances of the Offense

In this case, Daily stands convicted of a child exploitation offense, accessing with intent to view child pornography of some of the most egregious variety, including the sexual abuse of babies and toddlers. There is no doubt that Daily's criminal conduct is serious, and his offense has been perpetrated against the most vulnerable members of our society. Children in the images and videos depicting their sexual abuse are traumatized and victimized in the worst way imaginable at the time the images were created, and they are re-victimized and re-traumatized each time an individual, like Daily, views the images for their own sexual gratification. As one Court eloquently explained:

> ...we have numerous victims in a case like this, not one victim. Every image of a child, every image of a non-adult engaged in any type of sexual activity or any type of pose without clothing or any type of exploitation constitutes an additional case of victimizing a child. Without a demand for that type of information and that type of viewing from persons like this defendant, we don't know how many child abuse cases we could prevent. And as long as there is a demand to purchase images of child pornography, there is going to be an unending stream of child abuse of…children who are forced into these roles.
>
> ...every image has a child who has been exploited and abused, and that is the concern I have. It is the concern that I have when people are engaged in serially doing this, the effect it has on children throughout the world and the effect it has on their future lives.

See *United States v. Miller*, 665 F.3d 114, 121-122 (5th Cir. 2011) (quoting the district court) (rejecting an attack on the child pornography guidelines and highlighting the grave harm caused to the victims depicted in child pornography images and the evidence that traffickers and possessors of child pornography are the impetus for the creation of more sexual abuse of minors).

### B. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and Provide Just Punishment for the Offense

The sexual exploitation of children, including the viewing and possession of child sexual abuse material, has devastating consequences for the children depicted in these images and videos. Once they find their way onto the Internet, images and videos depicting the sexual abuse of a child will circulate

in perpetuity because individuals make the repetitive and purposeful decision to view, collect, save, and trade them for their own sexual gratification. Furthermore, consumers of child pornography, like Daily, create a market and demand for the production of these images and videos, which depict the sexual abuse and exploitation of real children. These consumers—even if they do not individually collect or trade images themselves—therefore contribute to the cycle of abuse and are in part responsible for the harm suffered by the children used to produce the material they seek out and view. *See United States v. Goff,* 501 F.3d 250, 259-260 (3d Cir. 2007) ("Children are exploited, molested, and raped for the prurient pleasure of [defendant] and others who support suppliers of child pornography"); *see also United States v. Goldberg,* 491 F.3d 668, 672 (7th Cir. 2007) ("[C]hildren were raped in order to enable the production of the pornography that the defendant both downloaded and uploaded-both consumed himself and disseminated to others. The greater the customer demand for child pornography, the more that will be produced.") (citations omitted). Thus, even if consumers of child pornography do not themselves molest children, their actions contribute to the abuse of children. Therefore, with respect to the factors under 18 U.S.C. § 3553(a)(2)(A), a sentence of 46 months' imprisonment is necessary in order to provide "just punishment" for the offense Daily committed, promote respect for federal child exploitation laws, and reflect the seriousness of his offense and child pornography offenses in general.

### C. History and Characteristics of the Defendant

When considering Daily's history and characteristics, the government acknowledges that he has a criminal history score of zero. However, his lack of a criminal history was accounted for when determining the applicable guidelines range. Therefore, it should not serve as a reason to vary from a guidelines sentence. Furthermore, as this Court is well-aware, the online sexual exploitation of children is a crime that is committed in secret. This secrecy, combined with the overwhelming presence of digital devices and the near universal access to the Internet, makes detection of these criminal offenses

difficult, as demonstrated by the times Daily engaged in such conduct in this case before coming to the attention of law enforcement.

Similarly, Daily's acceptance of responsibility, including beginning an outpatient sex offender treatment after his criminal conduct was discovered, while perhaps commendable, is already accounted for in the guideline calculation in this case. Daily's history and characteristics, even taking into account his lack of criminal history, suggest that a sentence of 46 months' imprisonment remains appropriate in this case.

### D. The Need for the Sentence Imposed to Afford Adequate Deterrence

Congress, the Supreme Court, and the Sentencing Commission believe general deterrence is an important factor when considering an appropriate sentence. *See United States v. Fry*, 851 F.3d 1329, 1332 (D.C. Cir. 2017) (the sentence would deter Fry and "others who may be inclined in doing similar kinds of things."); *see also see also United States v. Ferber*, 458 U.S. 747, 760 (1982) ("The most expeditious if not the only practical method of law enforcement may be to dry up the market for [child pornography] by imposing severe criminal penalties on persons selling, advertising, or otherwise promoting the product"); *United States v. Goff*, 501 F.3d 250, 261 (3rd Cir. 2007) ("Deterring the production of child pornography and protecting the children who are victimized by it are factors that should have been given significant weight at sentencing."); *United States v. Barevich*, 445 F.3d 956, 959 (7th Cir. 2006) ("Transporting and receiving child pornography increases market demand. The greater concern under the Guidelines is for the welfare of these exploited children. The avenue Congress has chosen to weaken the child pornography industry is to punish those who traffic in it."). 18 U.S.C. § 3553(a)(2)(B) supports the imposition of a sentence of 46 months' imprisonment because Daily's sentence should be significant in order to deter the criminal conduct of others. As the Seventh Circuit has stated, "[s]entences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing

factor. The logic of deterrence suggests that the lighter the punishment for trafficking in child pornography, the greater the customer demand for it and so the more will be produced." *Goldberg,* 491 F.3d at 672. As such, this Court is in the position to send a loud and clear message to those individuals who, like Daily, are willing to exploit children for their own sexual gratification. Accessing with intent to view child pornography is a serious crime that warrants the imposition of a significant sentence.

## IV. Restitution

It is the position of the government that restitution is not an issue in this case as there is no identified victim seeking restitution and, in fact, there is no identified victim in the case. Unfortunately, as is sometimes true in cases of this nature, the government has been unable to identify any specific, identifiable child victims of the child pornography viewed online by Daily.

Section 2259 governs restitution for trafficking in child pornography cases, and notes that "issuance of a restitution order under this section is mandatory." 18 U.S.C. § 2259(b)(4)(A). However, implicit within Section 2259 is the requirement that there is an identified victim with a determinable loss.

Indeed, the entire framework of Section 2259 requires first that there be an identified victim that has suffered a loss before restitution can be ordered. Though restitution is mandatory under Section 2259, under subsection (b)(2) of the statute, any restitution a court orders is limited to having the defendant pay the victim the "full amount of the victim's losses" and "no less than $3,000." If there is not an identified victim with an identified loss, the Court can't complete the analysis as set out therein, which requires that it first must determine the "full amount of the victim's losses" suffered as a result of the trafficking in child pornography. 18 U.S.C. § 2259(b)(2)(A). Moreover, without an identified victim, the Court also cannot complete the next step of the analysis, which requires it to order restitution in an amount that "reflects the defendant's

relative role in the causal process that underlies the victim's losses." 18 U.S.C. § 2259(b)(2)(B). For this reason, an order of restitution is not appropriate when, as in this case, there is not an identified victim. *See, generally*, *United States v. Kilpatrick*, 798 F.3d 365, 388 (6th Cir. 2015) (*citing* 18 U.S.C. § 3664(e) and finding that restitution needs to be tailored to a victim's specific loss).

## V. Conclusion

For the reasons set forth herein, the United States respectfully requests the Court to apply the Sentencing Guidelines, as outlined above, follow the statutory directives set out in 18 U.S.C. § 3553(a), and impose a sentence of 46 months' imprisonment followed by a lengthy term of supervised release.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

/s/ *Stephanie M. Zimdahl*
Stephanie M. Zimdahl
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 582-6217

### CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

/s/ *Stephanie M. Zimdahl*
Stephanie M. Zimdahl
Assistant U.S. Attorney